IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:02CR419 |
| | ) | |
| v. | ) | |
| | ) | |
| JEVAUGHN D. ERWIN, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Jevaughn Erwin's motion to modify term of imprisonment, filed pro se (Filing No. 166). After filing the motion, Mr. Erwin was appointed an attorney for the purpose of evaluating the retroactive effect of the Fair Sentencing Act of 2010 on the sentencing guidelines (Filing No. 167). On February 6, 2012, Mr. Erwin's attorney filed a motion for sentence reduction, with request for hearing (Filing No. 171). After reviewing the motions, the evidence, and the relevant law, the Court finds that they should be denied.

On September 15, 2004, at a bench trial, the Court found Mr. Erwin guilty of Count I of the superseding indictment, conspiracy to distribute more than 50 grams of crack cocaine (Filing No. 56). At the conclusion of the trial, the Court stated as follows:

> After reviewing all of the testimony and trying to avoid double-counting because the defendant was both buying and

> selling drugs during this period of
> time, I find that he should be held
> responsible for an amount of drugs
> -- I think the range that I find --
> that I'm satisfied with beyond a
> reasonable doubt is between 350 and
> 500 grams; not more than 500 but
> more than 350.
>
> Accordingly, I find that the
> defendant is guilty of the crime
> charged in the indictment -- the
> superseding indictment; that the
> amount of drugs that he should be
> held responsible beyond a
> reasonable doubt is at least 350
> but less than 500 grams; and I
> further find that the evidence
> establishes . . . that the
> defendant was in possession of a
> gun while involved in this
> conspiracy, in the part of the
> conspiracy in which he was
> involved.

(Filing No. 80, at 278:24-279:14).

On March 5, 2008, Mr. Erwin filed a motion, pro se, for a modification based on the revision of the guideline sentences (Filing No. 155). The probation officer prepared a revised sentencing worksheet, finding that Erwin was responsible for 350-500 grams of cocaine, and that the revised guideline range was 188-235 months. As with the original sentence, the probation officer took the lowest sentence in this range, 188 months, reduced it by eleven per cent, or 21 months, to 167 months, and gave credit for the 17 months already served, further reducing the sentence to 150 months. Defendant, through his attorney, and the government stipulated to this reduced sentence (Filing No.

158), and the Court ordered the sentence reduction to 150 months (Filing No. 159).

With regard to the present motion, the probation office has prepared a 2011 (revised) retroactive sentencing worksheet for Mr. Erwin. As in 2008, the probation officer set the amount of cocaine charged to Mr. Erwin at 350-500 grams. According to the sentencing guidelines effective November 1, 2011, that amount of crack cocaine sets the initial level at 32 (for at least 280 grams but less than 840 grams of cocaine base). U.S. Sentencing Guidelines Manual § 2D1.1(c) (Nov. 2011). Adding two levels for possession of a firearm, the level is 34. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (Nov. 2011). With a criminal history of III, the guidelines sentencing table sets the sentence at 188-235 months, which is the same guideline range used during the 2008 reduction. Thus, there is no change to the sentencing guideline range for Mr. Erwin since the 2008 reduction. A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of May, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court